UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| LEANN CARPENTER,            )<br>                             )<br>    Plaintiff,                )<br>                             )<br>v.                           )<br>                             )   CV618-094<br>ANDREW SAUL, COMMISSIONER    )<br>OF SOCIAL SECURITY,          )<br>                             )<br>    Defendant.               )  | |

## REPORT AND RECOMMENDATION

Plaintiff Leann Carpenter seeks judicial review of the Social Security Administration's denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).

## I. GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II.  ANALYSIS

Carpenter, who was 51 years old when her SSI and DIB claims were denied, alleges disability beginning on December 23, 2014.  Tr. 12.  She has three years of college and past job experience as a hospital clerk, optician, office manager, and retail manager.  Tr. 50.  After a hearing, tr. 32-53, the ALJ issued an unfavorable decision. Tr. 15-25.  She found that Carpenter's psoriatic arthritis and obesity constituted severe impairments but did not meet or medically equal a Listing.  Tr. 17-20.  The ALJ thus found that Carpenter retained the RFC for sedentary work except

> . . . [she can] occasionally climb stairs, occasionally stoop, balance, kneel, crouch and crawl; and should avoid concentrated exposure to unprotected heights and hazardous machinery.

Tr. 20.  Plaintiff, he determined could perform her past relevant work as a hospital clerk and as an office manager.  Tr. 24.  Carpenter disagrees, arguing that the ALJ erred in her evaluation of the medical opinion evidence.  Docs. 13 & 18.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of

3

mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony). The RFC represents the most a claimant can do despite her limitations, SSR[2] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctor's."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC). And the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific

---

[2]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted."  20 C.F.R. § 402.35(b)(1).  SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

Plaintiff argues that the ALJ erred in her evaluation of the opinions of treating physicians Glen Dasher.  Docs. 13 & 18.  Treating physician Dr. Dasher completed an Impairment Questionnaire in which he opined that Carpenter could

> Only walk 1-2 city blocks without rest or severe pain; [could] sit up to 4 hours in an 8-hour work day; [could] stand/walk up to 2 hours in an 8-hour work day; the claimant requires a job that permits shifting positions at will from sitting/standing or walking; can occasionally lift up to 10 pounds; [could] never lift over 20 pounds; the claimant has significant limitations in reaching, handling or fingering; [could] occasionally bend and twist at the waist; the claimant's impairments and/or treatments would cause her to be absent from work approximately three times per month; the claimant will sometimes need to lie down at unpredictable intervals during the work shift-specifically, 'once or twice a day for about 30-60 minutes each time;' the claimant's pain frequently interferes with attention and concentration; the claimant has a moderate limitation in her ability to deal with work-related stress; the claimant is easily distracted; the claimant is incapable of performing tasks involving complex or detailed instructions; the claimant is unable to work/perform sustained work activity.

Tr. 23.  The ALJ accorded his opinion "little weight" because it "lack[ed] adequate rational and sufficient explanation," and his findings

were "generally inconsistent with his own treatment records, as well as the record as a whole."  Tr. 24.

There was no error in this conclusion.  An ALJ may discount a treating physician's opinion if he gives good reasons for doing so.  20 C.F.R. §§ 404.1527(c)(2)-(3), 416.927(c)(2)-(3); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  While a treating physician's opinion is valuable to the ALJ's RFC assessment, it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Astrue*, 365 F. App'x at 999 ("the task for determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c)(the ALJ has the responsibility for determining a claimant's RFC).  Indeed, the ALJ need not adopt every limitation assessed by a *credited* medical source, nor must his RFC assessment mirror the opinion of every doctor.  *Adams v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (an ALJ's decision need not address every limitation in a physician's report as long as the written decision is clear that the ALJ

considered both the physician's opinion and the plaintiff's condition as a while); 20 C.F.R. §§ 404.1527(b), (c); 416.927(b),(c).

The ALJ was entitled to discount plaintiff's treating physician's statements regarding her limitations and capacity to work as reported in the impairment questionnaire. Dr. Dasher, for example, opined that plaintiff had limitations in reaching, handling, and fingering. However, when he observed plaintiff in December 2014, he noted that she had a normal range of motion, normal strength, normal external rotation, and that a drop arm test was negative. Tr. 22, 289. He also noted a normal range of motion in her wrists and hands. Tr. 22, 289-90. These findings are repeated in Dr. Dasher's January 2015 examination, tr. 343-43, and January 2016, tr. 22, 477. Dr. Dasher's associate—Dr. Aaron Clark—likewise found in April of 2015 that plaintiff's musculoskeletal physical exam had normal to mild findings. Tr. 22, 414-15. Dr. Dasher does note muscle spasms and moderate tenderness, as well as some decreased strength, but this is not sufficient to support the extreme breadth of the limitations expressed in his questionnaire. Tr. 471-77. Plaintiff argues that the ALJ perhaps should have listed what findings she would have found acceptable to support Dr. Dasher's conclusions, but the ALJ is not

required to provide an advisory opinion as to what doctors need to include in their treatment notes. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ was entitled to discredit Dr. Dasher's opinion to the extent it was inconsistent with his own treatment notes. *Crawford*, 363 F.2d at 1159 (ALJ properly discounted treating physician's opinion that was inconsistent with his own treatment notes, unsupported by the medical evidence, and appeared to be based primarily on subjective complaints).

## III.  CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of January, 2020.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA